## SECONDARY LIABILITY OF STOCKHOLDERS.

[Superior Court of Cincinnati, Special Term.]

GEORGE W. HARRIS v. THE C., H. & D. RY. CO. ET AL.

Decided, February 13, 1906.

*Corporations—Indebtedness of—Stockholders' Liability Therefor—Corporate Property the Primary Fund for Payment Thereof—Action to Enforce Double Liability—Not Available to Holder of Bonds not Reduced to Judgment.*

1. It is well established that the secondary liability of stockholders as guarantors of the corporate debts to the extent of their statutory liability can not be enforced, except upon a claim against the corporation which has been reduced to judgment and execution returned *nulla bona.*
2. Neither this rule nor the exception thereunder, which saves the holder of a meritorious claim from unnecessary and perhaps fatal delay, permits the insolvency of an incorporated company being pleaded by the holder of a bond of one of the constituent companies, and not yet due, as a ground for enforcing the double liability of the stockholders.

HOSEA, J.

Heard on demurrer to petition.

Plaintiff sues as the holder of a bond of defendant, payable in 1942, in the sum of $1,000, issued by a constituent corporation of the present defendant company, whose liabilities, it is alleged, were assumed by the defendant company in the consolidation

The special ground of the petition—which is a general creditor's bill to enforce the double liability of stockholders—is thus stated:

"Said defendant * * * company, is insolvent and has been insolvent for several months past, and in cause No. —— of the Circuit Court of the United States * * * admitted its insolvency, and thereupon in said action a receiver was appointed for such reason."

Ancillary to the purpose of the suit stated are allegations and a prayer for the discovery of the names of all stockholders from 1895.

The general rule, in Ohio, as elsewhere, is that a suit of this nature to subject stockholders to their double liability can only

be brought upon a claim against the corporation reduced to judgment and execution returned *nulla bona*. This rule is so well established as to render it unnecessary to cite authorities.

It is not an arbitrary rule but is the logical deduction from the legal facts of the situation. The corporation is the principal debtor and the stockholder is only secondarily liable as a guarantor to the extent of his statutory liability. The corporate property is the primary fund for payment of the corporate debts, and the statutory liability of the stockholder is a security to be resorted to only where payment of debts can not be enforced against its property. In a word, the security is, to all intents, an equitable asset; and the suit to subject is in the nature of a proceeding in aid of execution—a supplementary proceeding.

While this is the rule, courts of equity recognize exceptions, and, in certain cases, uphold the right to sue without requiring a reduction of the claim to judgment, where the corporation itself is actually in process of liquidation—as upon dissolution or bankruptcy proceedings. This obviously just exception is in accordance with the principle that a court of equity will not insist upon requirements that are vain, where it is clearly necessary for the protection of a meritorious claim to prevent unnecessary and perhaps fatal delays. These principles are recognized in this state as the basis of the law enforced in its courts. *Hays* v. *New Ball. Turnpike Co.*, 1 Handy, 281; *Pratt* v. *St. Clair*, 6 O., 277; *Bamberger* v. *Tanner*, 13 O. S., 263; *Barrick* v. *Gifford*, 47 O. S., 184; *Bronson* v. *Schneider*, 49 O. S., 438; *Younglove* v. *Lime Co.*, 49 O. S., 663; *Kulp* v. *Fleming*, 65 O. S., 338.

The petition in this case fails to state a case for the enforcement of this secondary liability of stockholders. The plaintiff's claim is not due, and moreover the allegations raise a strong presumption that his bond represents a debt fully secured upon the corporate property; and it is therefore fairly inferrable that he became a creditor of the corporation, not in reliance upon the credit of the corporation and the guaranty of the stockholder, but upon the immediate and direct security by way of mortgage which thus set apart the corporate property as his specific security. But even if the bond is not secured by mort-

gage, equity secures it by raising an equitable lien superior to all subsequent claims except as against a subsequent innocent purchaser for value paid, without notice: and this lien is good even as against a subsequent mortgage. *Compton* v. *Railway Co.*, 45 O. S., 592.

The obvious purpose of the law of double liability is to give general creditors who deal with the corporation upon the faith only of a general creditor's claim upon the corporate property in the ordinary course of business, an additional security which tends to promote good faith on the part of corporate officers by making it to the interest of stockholders to see to it that good faith is observed. On principle, therefore, a creditor who deals at arm's length and secures himself at the expense of general creditors by mortgage upon the corporate property should not be entitled to the guaranty afforded by the double liability of stockholders, unless—in analogy to this principle of the bankruptcy law—he places himself in the situation of a general creditor by surrendering his special security, or at least until and to the extent that he is able to show that his security is inadequate.

The only allegation in the petition here is that the consolidated company—not the mortgagor—is insolvent. But this is not sufficient to make the case an exception to the general rule first stated. The insolvency and the receivership referred to in the cases upholding the exceptions to the rule, are conditions, such as dissolution proceedings, bankruptcy, etc., which necessitate a winding up and general liquidation of the company's affairs. In Ohio this is made clear in many cases and it is necessary to refer only to the two cases reported in 49 O. S., *supra.*

In *Bronson* v. *Schneider* (p. 438 *et seq.*), the general rule and the exception are clearly discussed, and the right of action to enforce double liability is held to arise only when—

\* \* \* "the property is by some legal proceeding put in process of application to the payment of its (the corporation's) debts so as to render a judgment against it impossible or nugatory, as where the corporation is dissolved or thrown into bankruptcy, or placed in the hands of a receiver or has assigned for the benefit of creditors."

In this statement the illustrations must be held to conform to the thing illustrated and consequently the receivership indicated must be one involved in some winding up proceeding where the property is ":put in process of application to payment of debts."

But this is placed in a clearer light in the case of *Younglove* v. *Lime Co.* (p. 663), *supra*, where, on page 666, the court is at some pains to illustrate the distinction by reference to a receivership in that case as one *not* made because of insolvency necessitating a winding up of its affairs, and by way of antithesis, says:

"Any inference that his appointment was for the cause or purpose named is inconsistent with the fact that for nearly three years he carried on the business of the company under the direction of the court and then, by its order, restored the property to the company."

On page 667 the court further says:

"The creditor's right of action against the stockholders does not accrue when the corporation becomes insolvent merely in the sense that its property is insufficient for the payment of its liabilities."

The above citations do not exhaust the list of Ohio cases bearing upon the subject and declaring the same principles.

There is, however, a farther principle involved, arising out of the fact that the defendant here is not the debtor but the successor in title of the debtor under the railroad consolidation act. The petition shows that the consolidation was effected after the bond in question was issued and claims the right to sue by reason of the alleged insolvency, not of the original debtor, but of the consolidated successor. The statute, indeed, casts upon the consolidated company the liabilities of its constituents, but provides that all rights of creditors and all liens upon the property of either such companies shall be preserved unimpaired (Section 3384, Revised Statutes). What is sought to be enforced in this case is a secondary liability, not of the original stockholders, but of individual stockholders of the consolidated company.

This suggests another objection, namely: An allegation of the insolvency of the new company *per se*, would not neces-

sarily imply the insolvency of the original company. The original company is "deemed to be in existence" to preserve the rights of creditors (Section 3384, Revised Statutes). *Non constat* but that the old company may be entirely solvent even while the consolidated company may be "hopelessly insolvent by reason of the debts of the other companies." *Compton* v. *Railway Co.*, 45 O. S., 592 (618-20).

For these reasons, and others not necessary to elaborate, the petition in this case seems to me to be defective, and the demurrer must be sustained.

*Burch & Johnson*, for plaintiff.

*Edward Colston* and *Lawrence Maxwell*, for defendants.